**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**
Honorable John L. Kane

Civil Action No.  06-cv-02216-JLK

CONQUEST OIL COMPANY,
a Colorado corporation,

       Plaintiff,

v.

QUADNA, INC.,
an Arizona corporation,

       Defendant.

---

**STIPULATED PROTECTIVE ORDER**

---

1.    The term "Documents" shall mean and include documents, portions of documents, answers to interrogatories, responses to requests for admission, depositions and other oral testimony, transcripts, affidavits, expert reports, legal briefs or memoranda, and information derived therefrom, and all material within the meaning of Rule 34(a) of the Federal Rules of Civil Procedure and Rule 1001 of the Federal Rules of Evidence, but shall be limited to material produced or exchanged in this litigation.

2.    The term "CONFIDENTIAL INFORMATION" shall mean and be limited to Documents that any party reasonably and in good faith believes contains confidential research, development, or commercial Documents the disclosure of which would be subject to protection under Fed. R. Civ. P. 26(c). Documents containing "CONFIDENTIAL INFORMATION" shall be marked as "CONFIDENTIAL."

3.    The term "ATTORNEYS' EYES ONLY INFORMATION" shall mean and be limited

to Documents that any party reasonably and in good faith believes contain "trade secrets," as that term is defined in the Uniform Trade Secrets Act, or otherwise sensitive proprietary information, which would be subject to protection under Fed. R. Civ. P. 26(c). Documents containing "ATTORNEYS' EYES ONLY INFORMATION" shall be marked "ATTORNEYS' EYES ONLY."

4. "CONFIDENTIAL INFORMATION," and/or "ATTORNEYS' EYES ONLY INFORMATION" are referred to herein as "PROTECTED INFORMATION" unless otherwise indicated.

5. The term "Trial Counsel" shall mean the outside counsel identified on the signature pages hereto and employees of their respective law firms, and in-house counsel of the parties principally involved in the litigation of this matter. If any party seeks to substitute or add to any of the law firms listed on the signature pages of this Protective Order, it shall notify the opposing party of the intended substitution or addition. Prior to disclosure of PROTECTED INFORMATION the substitute or additional law firm(s) shall acknowledge in writing that it is familiar with and agrees to comply with the provisions of this Protective Order.

6. The term "Independent Expert" for a party shall be defined (for purposes of a receiving party disclosing opponents' material designated as PROTECTED INFORMATION) as excluding individuals currently employed by any party to this proceeding.

7. Each party to this litigation may designate any Documents which it has provided or which a third party has provided as "CONFIDENTIAL" in accordance with Paragraphs 1, 2, 9, 10, 11, and 18 of this Protective Order.

8. Each party to this litigation may designate any Documents which it has provided or which a third party has provided as "ATTORNEYS' EYES ONLY" in accordance with Paragraphs 1, 3, 9, 10, 12, and 18 of this Protective Order.

9.  In the event the producing party elects to produce Documents for inspection rather than produce copies of Documents, no marking need be made by the producing party in advance of the initial inspection by the receiving party's Trial Counsel or Independent Expert. Thereafter, upon selection of specified Documents for copying by the receiving party's Trial Counsel or Independent Expert, the producing party shall mark the copies of such Documents as may contain protected subject matter with the appropriate confidentiality marking at the time the copies are produced to the receiving party's Trial Counsel or Independent Expert. Any and all knowledge and/or data obtained by the receiving party's Trial Counsel or Independent Expert from initial review of Documents, whether in written form or not, shall be maintained as "ATTORNEYS' EYES ONLY INFORMATION" until the Documents have been appropriately designated, copied, and delivered to the receiving party by the producing party.

10.  Whenever a deposition or portion thereof shall be designated as containing PROTECTED INFORMATION of any party:

(a)  Said deposition or portion thereof shall be designated as containing PROTECTED INFORMATION at the time the deposition is taken whenever possible; however, any party shall have twenty days after receipt of the deposition transcript within which to designate in writing to the other party to the action those portions of the transcript which the party reasonably and in good faith believes contains PROTECTED INFORMATION, and the right to make such designation shall be waived unless made within the twenty day period, subject to the provisions of paragraph 14 of this Protective Order;

(b)  The original of any deposition transcript that contains PROTECTED INFORMATION shall be designated by the Court Reporter with the applicable legend, and shall be sealed, identified as being subject to this Protective Order, and not opened except by order of the

Court or agreement of the parties. The entirety of any original videotape that contains PROTECTED INFORMATION also shall be so treated.

11. Subject to Paragraphs 14 and 23 of this Protective Order, all Documents designated as "CONFIDENTIAL" may be disclosed only to Trial Counsel, Independent Experts retained for this litigation, and employees who do not have competitive decision-making responsibilities.

(a) All persons other than trial Counsel in the instant action (who by signing this Protective Order agreed to be bound by its terms) to whom Documents marked "CONFIDENTIAL" may be and are disclosed shall read this Protective Order in advance of such disclosure and agree in writing to be bound by its terms, as provided in the form attached hereto as Exhibit A. Copies of Exhibit A signed by the employee(s) of the parties and/or Independent Expert(s) shall be served on all Trial Counsel (by facsimile or email and mail) prior to disclosure of any Documents marked "CONFIDENTIAL" to such employee(s) and/or Independent Expert(s).

(b) Documents marked "CONFIDENTIAL" shall not be used for any purpose other than as is set forth in Paragraph 23 of this Protective Order unless and until such designation is removed either by agreement of Trial Counsel or by order of the Court.

12. Subject to Paragraphs 14 and 23 of this Protective Order, all Documents designated as "ATTORNEYS' EYES ONLY" may be disclosed only to Trial Counsel and Independent Experts retained for this litigation.

(a) All persons other than trial Counsel in the instant action (who by signing this Protective Order agreed to be bound by its terms) to whom Documents marked "ATTORNEYS' EYES ONLY" may be and are disclosed shall read this Protective Order in advance of such disclosure and agree in writing to be bound by its terms, as provided in the form attached hereto as Exhibit A. A Copy of Exhibit A signed by each such person(s) shall be served on all Trial Counsel

(by facsimile or email and mail) prior to disclosure of any Documents marked "ATTORNEYS' EYES ONLY" to such person(s).

(b) Documents marked "ATTORNEYS' EYES ONLY" shall not be used for any purpose other than as is set forth in Paragraph 23 of this Protective Order unless and until such designation is removed either by agreement of Trial Counsel or by order of the Court.

13. Nothing in this Protective Order shall bar or otherwise restrict any attorney herein from rendering legal advice to the attorney's party-client with respect to this action, and in the course thereof, relying upon an examination of PROTECTED INFORMATION; provided, however, that in rendering such legal advice and in otherwise communicating with the party-client, the attorney shall not disclose any PROTECTED INFORMATION to anyone not authorized to receive such Documents pursuant to the terms of this Protective Order.

14. With respect to Documents designated as including PROTECTED INFORMATION, any person indicated on the face of the Document(s) to be its originator, author, or recipient may be shown the document.

15. Any Documents that are filed with the Court for any purpose and that incorporate PROTECTED INFORMATION shall be filed under seal.

16. Failure to designate Documents as PROTECTED INFORMATION in accordance with this Protective Order, or to object to the other party's designation, shall not preclude the filing of a motion at a later date seeking to impose such designation or challenging the propriety of such designation. This Protective Order shall not in any way limit what the producing party may do with its own Documents or information.

17. In the event anyone shall violate or threaten to violate the terms of this Protective Order, the aggrieved party may immediately apply to obtain injunctive relief against any such person.

The parties and any other person subject to the terms of this Protective Order agree that the Court shall retain jurisdiction over it and them for the purpose of enforcing this Protective Order. Any person who moves to enforce this Protective Order and prevails shall be entitled to the costs and reasonable attorneys' fees it incurred in moving to do so.

18.     In the event any party disagrees at any stage of these proceedings with the designation of any Document(s) as PROTECTED INFORAMTION, the parties shall try first to resolve such dispute in good faith on an informal basis. If the dispute cannot be resolved, the party objecting to such designation shall seek appropriate relief from the Court. Until such time as the issue is resolved by the Court, the Document(s) shall be treated according to its designation as PROTECTED INFORMATION.

19.     Upon entry of a final judgment, including appeals, or of dismissal in connection with this action, all Documents and copies thereof which have been designated as PROTECTED INFORMATION shall be returned to the respective party by which it was produced, or shredded and disposed of in a confidential manner, within thirty days of the entry of final judgment or dismissal. If such documents are shredded, the shredding party shall certify in writing to the producing party that the Documents have been shredded and disposed of in a confidential manner.

20.     The termination of proceedings in this action shall not thereafter relieve any person to whom PROTECTED INFORMATION was disclosed from the obligation of maintaining the confidentiality of such Documents in accordance with the provisions of this Protective Order.

21.     The parties may by written stipulation provide for exceptions to this Protective Order and any party may seek an order of the Court modifying or interpreting this Protective Order.

22.     Nothing in the foregoing provisions of this Protective Order shall be deemed to preclude any party from seeking and obtaining, on an appropriate showing, additional protection with

respect to the confidentiality or relief from this Protective Order regarding Documents designated as PROTECTED INFORMATION.

23. PROTECTED INFORMATION subject to this Protective Order shall be used by the party to whom it is produced solely and exclusively for purposes of this litigation. All persons to whom PROTECTED INFORMATION is disclosed are hereby enjoined from using said Documents for any other purpose and are specifically enjoined from using said Documents for any other cases, proceedings, or disputes or for any commercial, business, competitive, or other purpose whatsoever. Further, no person receiving or reviewing PROTECTED INFORMATION shall disclose it or its contents to any person other than as provided in this Protective Order and for the purposes specified herein. However, nothing in this Protective Order shall be deemed to restrict the parties' ability to use its own Documents, or Documents obtained outside this litigation, for any purpose.

24. Subject to the Rules of Evidence, Documents designated as PROTECTED INFORMATION may be offered in evidence at any hearing or trial of this case upon at least one day's written notice (provided by facsimile, email, or hand delivery) of the intention to do so, or if that is not possible, such shorter notice as the circumstances permit. Any party may move the Court orally or in writing for an order that the evidence be received *in camera* at the hearing or under other conditions to prevent unnecessary disclosure.

25. If any party or other person authorized under this Protective Order to receive PROTECTED INFORMATION receives a subpoena from a nonparty to this Protective Order seeking production or disclosure of PROTECTED INFORMATION, that party or person shall refuse to produce such Documents and shall immediately give written notice (by facsimile or email and mail) to counsel for the party who produced such Documents identifying the Documents requested and enclosing a copy of the subpoena. If the party that produced the Documents objects to disclosure,

that party shall communicate its objection in writing to the party that propounded the subpoena and file an appropriate motion with the Court within five days of the date it received notice of the subpoena.  If such motion is filed, the party who received the subpoena shall not produce the Documents to which the producing party objects until the issue is decided by the Court.  Absent a timely objection and the filing of a timely and appropriate motion, the party who receives the subpoena may comply in full with its terms.

DATED THIS 28th day of February, 2007.

*s/John L. Kane*
JOHN L. KANE, Senior Judge
United States District Court

Presented by:

*s/Jennifer Lynn Peters*
_____
Jennifer Lynn Peters
OTIS, COAN & STEWART, LLC
The Doyle Building
1812 56th Avenue
Greeley, CO  80634

ATTORNEYS FOR PLAINTIFF


*s/Phillip L. Douglass*
_____
Kevin D. Evans
Phillip L. Douglass
STEESE & EVANS, P.C.
6400 S. Fiddlers Green Circle, Suite 1820
Denver, CO 80111

ATTORNEYS FOR DEFENDANT

## EXHIBIT A

The undersigned does hereby represent and agree that (s)he has been provided with and read the foregoing Stipulated Protective Order in *Conquest Oil Company v. Quadna, Inc.*, Civil Action No. 06-cv-02216-JLK, pending in the United States District Court for the District of Colorado, that (s)he understands and agrees to be bound by the terms of the Protective Order, and that (s)he will use the PROTECTED INFORMATION provided to her/him in this case consistent with the terms of the Protective Order and will not disclose or otherwise disseminate such information in any manner inconsistent therewith.

Signature: _____

Print Name: _____

Date: _____